**B. Gordon GENTRY, Plaintiff,**

v.

**UNIFORM JUDICIAL RETIREMENT SYSTEM OF NORTH CAROLINA, Defendant.**

**No. C–74–16–G.**

United States District Court,
M. D. North Carolina,
Greensboro Division.

Argued July 12, 1974.

Decided July 29, 1974.

Norman B. Smith, of Smith, Carrington, Patterson, Follin & Curtis, Greensboro, N. C., for plaintiff.

Keith L. Jarvis, Associate Atty., N. C. Dept. of Justice, and J. Riffin Bailey, of Bailey, Dixon, Wooten, McDonald & Fountain, Raleigh, N. C., for defendant.

Before CRAVEN, Circuit Judge, GORDON, Chief District Judge, and WARD, District Judge.

## OPINION OF THE COURT

GORDON, Chief District Judge.

■ This is an action to test the constitutionality of the provision of the Uniform Judicial Retirement Act of 1973, N.C.G.S. Chapter 135, Art. 4, which creates unequal percentages for the determination of retirement benefits to be received by judges of the General Court of Justice. Plaintiff, a judge of the District Court Division of the General Court of Justice, contends that the differentiation in computing retirement benefits is contrary to the Fourteenth Amendment to the United States Constitution and redress is provided by the provisions of 42 U.S.C.A. § 1983. There is no contention that through prior contributions to the then existing retirement system that district judges have been deprived of property in violation of the Due Process Clause. The evidence indicates that in all cases district judges will receive in retirement benefits more than they have contributed.

The State Constitution provides for a single General Court of Justice for the State of North Carolina. North Carolina Constitution, Art. IV, § 2. Commensurate with status and responsibility, judges serving on the different levels of the judiciary are compensated at different rates. The annual salaries presently paid to the different categories of justices, judges, and officers of the judiciary are:

| | |
|---|---|
| Justices of the North Carolina Supreme Court * | $38,000.00 |
| Judges of the North Carolina Court of Appeals ** | $35,500.00 |
| Judges of the Superior Court Division | $30,500.00 |
| Administrative Officers of the Courts | $32,500.00 |
| Judges of the District Court Division | $23,500.00 |

\* Other than the Chief Justice
\*\* Other than the Chief Judge

Additionally, there is a disparity of treatment among the various judicial levels with respect to retirement benefits. The Uniform Judicial Retirement Act of 1973 provides that judicial personnel have the right to retire at the earlier of attaining age 65 or completing twenty-four years of creditable service. The varying percentages, of which plaintiff complains, N.C.G.S. § 135–58(a), are:

(i) Four percent (4%) of his final compensation, multiplied by the number of years of his creditable service rendered as a justice of the Supreme Court or a judge of the Court of Appeals;

(ii) Three and one-half percent (3½%) of his final compensation, multiplied by the number of years of his creditable service rendered as a judge of the superior court or as an administrative officer of the courts;

(iii) Three percent (3%) of his final compensation, multiplied by the number of years of his creditable service rendered as a judge of the district court division of the General Court of Justice.

It is only the disparity in retirement benefits which is challenged in this action.

■ When legislative classifications are challenged as being violative of

the Equal Protection Clause of the Fourteenth Amendment, it is helpful to first categorize the subject-area of the classification involved. This establishes the proper test to apply in evaluating the Equal Protection contention. Since the legislative action in this case clearly falls within the "area of economics and social welfare," the classification must be upheld so long as it "has some 'reasonable' basis." Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L. Ed.2d 491 (1970). The more difficult phase of the inquiry is in the application of the test to the facts of each case.

The thrust of the plaintiff's attack is directed at the differential in the percentages used to calculate the retirement benefits. Plaintiff concedes that some disparity of benefits is permissible, but urges that the formula adopted by the state legislature results in inequities which are so extreme as to contravene the Fourteenth Amendment. In oral argument, counsel for plaintiff contends that the differential in retirement benefits should not exceed that of the salaries.

The defendant contends the disparity of treatment is reasonable on several grounds. Under the retirement system, the State hopes to attract more mature and qualified persons to the upper levels of the Court and to encourage advancement from district level positions to higher judgeships. Additionally, defendant notes that district judges alone are exempt from being called to "emergency" duty. N.C.G.S. 7A–39.1 et seq.

■ Unquestionably the objectives sought by the legislature to be obtained from the present retirement system are valid, and it only remains to be determined if the method chosen is reasonably calculated to achieve that end. In the setting of salaries and fringe benefits for public officials, broad latitude must be given the State, lest the courts find themselves in the position of a "super-legislature." The confines of judicial inquiries into legislative classifications in this area is set forth in Dandridge v. Williams:

"In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S. Ct. 337, 340, 55 L.Ed. 369. 'The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific.' Metropolis Theatre Co. v. City of Chicago, 228 U.S. 61, 69–70, 33 S.Ct. 441, 443, 57 L.Ed. 730. 'A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393." Dandridge v. Williams, *supra* at 485, 90 S.Ct. at 1161.

■ It would be an unwarranted invasion of a legitimate legislative function to upset the state judicial retirement system here challenged simply because the retirement benefits for district judges are proportionately less than their salaries when compared with upper level judges. The folly of judicial intervention is underscored by a search for appropriate relief, assuming the Equal Protection claim to be valid. Should the retirement system be declared invalid? Should the percentage multiplier be directed to be the same for all levels? If there can be varying percentage multipliers at different levels, then what is acceptable?

There being in this case a valid state purpose and a legislative program reasonably calcualted to accomplish that end, further judicial review is foreclosed. If the plaintiff should be entitled to relief, he must attain it through the political process.